UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

No. 5:10-MC-19

| | | |
|---|---|---|
| TRACI LASHANTI LUTTRELL | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the motion by Traci Lashanti Luttrell for a court order preventing the Government from obtaining access to her financial records. [DE-1]. Movant makes this motion pursuant to the customer challenge provisions of the Right to Financial Privacy Act of 1978, and the relief she requests would essentially quash the Government subpoena at issue. The Department of Defense ("DoD") has filed a response to this motion [DE-2], and therefore the matter is now ripe for adjudication.

## I. Background

On April 1, 2010, a subpeona duces tecum ("subpoena") was served upon the Custodian of Records, Wachovia Bank, 401 Market Street, Philadelphia, Pennsylvania 19106. This administrative subpoena was issued by the DoD Office of Inspector General. On April 14, 2010, Movant was served with a "Customer Notice" relative to the subpoena, along with the subpoena and challenge forms. [DE-2-2 at 9-14]. The subpoena instructed the Custodian to produce "information, documents, reports, answeres, records, accounts, papers, and other data and documentary evidence pertaining to [the bank account of Movant] for the period March 18, 2008 through the

date of this subpoena[.]." Subpoena [DE-2-2 at 6]. In support of this production, the subpoena indicated that these materials were "necessary in the performance of the responsibility of the Inspector General Act" and the subpoena also indicated that the Movant was "a member of the United States Air Force Reserve, suspected of defrauding the United States." *Id.* The Customer Notice sent to Movant further elaborated that these materials were sought:

> To refute or support allegations that you provided false information on your enlistment into the United States Air Force and during the approximate period of March 2008 to March 2010, you fraudulently received unauthorized active duty pay and benefits, in violation of the Uniform Code of Military Justice (UCMJ) Article 121, Larceny and Article 132, Frauds against the United States.

Customer Notice at 1 [DE-2-2 at 9].

Movant filed the request to have this subpoena quashed on April 27, 2010 [DE-1]. By filing this motion, Movant is asserting that, pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401 et seq., the subpoena was deficient. Specifically, Movant stated, "I do not believe that anything in these records suggests that I committed larceny or fraud." Movant's Sworn Statement [DE-1-1]. That statement is her only argument to quash the subpoena.

## II. Analysis

The subpoena before the Court was issued under the Inspector General Act of 1978, 5 U.S.C. App. § 3 ("IG Act'). Pursuant to the IG Act, the Inspectors General "are provided a broad range of investigatory powers." *NASA v. Federal Labor Relations Authority*, 527 U.S. 229, 256 (1999). This authority is given to assist Inspectors General in their statutory duty to detect fraud, waste and abuse in federal programs. Accordingly, Inspectors General "are given access to 'records, reports, audits, reviews,

2

documents, papers, recommendations, or other material.'" *Id.*(quoting 5 U.S.C. App. § 6(a)(1)). Inspectors General are thus given authority:

> [T]o require *by subpoena* the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium . . . and documentary evidence necessary in the performance of the functions assigned by this Act [.]

5 U.S.C. App. § 6(a)(4) (emphasis added).

"Federal courts will enforce an agency subpoena if (1) the inquiry is within the authority of the agency and is for a proper purpose; (2) the matter requested is reasonably related to the inquiry; and (3) the demand is not unreasonably burdensome or broad." *United States v. Newport News Shipbuilding and Dry Dock Co.*, 837 F.2d 162, 165 (4th Cir. 1988); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (originally articulating this standard). An Inspector General subpoena is subject to the RFPA, whose purpose is "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." *United States v. First Nat'l Bank of Maryland*, 866 F. Supp. 884, 886 (D. Md. 1994) (internal citation omitted). The RFPA requires federal agencies to follow established procedures when they seek an individual's financial records. *See, e.g.,* 12 U.S.C. §§ 3405(2) & (3). The RFPA authorizes a federal agency to obtain financial records pursuant to an administrative subpoena "only if there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3405(1). Under the RFPA, a motion to quash an administrative subpoena "shall" be denied if "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

Here, the Court finds that the DoD satisfies the standards in the controlling case law and in the RFPA for enforcement of the administrative subpoena at issue. For the first prong of the *Morton Salt* test, the DoD's Inspector General has statutory authority to issue this administrative subpoena, and the purpose is proper—investigation of alleged criminal larceny by Movant. The DoD successfully demonstrates by sworn statement of Special Agent David A. Ohlinger that it is conducting a legitimate law enforcement inquiry of the Movant. Specifically, she is suspected of failing to report her change in duty status from active to inactive ready reserve, thus resulting in her being improperly paid (into her Wachovia bank account) for active duty status for about seven months. Ohlinger Declaration ¶ 4 [De-2-2]. Luttrell was interviewed, and she claimed no knowledge of receiving military pay when she should not have. *Id.* The requested Wachovia bank account information is reasonably related to the investigation, satisfying the second prong of the *Morton Salt* test. The demand for information is limited in time to around the relevant period and not unreasonably broad or unreasonably burdensome on the bank, thus satisfying the third prong of the *Morton Salt* test. Likewise, having shown that the subpoena is part of a legitimate law enforcement inquiry and the bank records sought are relevant to that inquiry, the RFPA mandates denial of the present motion to quash. Movant's only argument in favor of quashing the subpoena is that she does not "believe that anything in these records suggests that [she] committed larceny or fraud." Movant's Sworn Statement [DE-1-1]. Her statement is not relevant to the present inquiry; while her bank account records cannot independently show she committed larceny or fraud, they may establish that she *received* a government salary and benefits in the relevant period—a key element of the charges against her. The remaining elements of the charges, namely, that she was not entitled to a government

4

salary during the relevant period, may be established through other means. The Movant's bank account records, as requested in the subpoena, are relevant to the legitimate investigation against her. The Court finds the DoD's subpoena is proper and there is no reason that would justify quashing this subpoena.

## III. Conclusion

For the reasons stated herein, Luttrell's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [DE-1] is hereby **DENIED**. It is further **ORDERED** that subpoena recipient, Wachovia Bank, produce records responsive to the Department of Defense Inspector General subpoena within thirty (30) days of the date of service of this Order to Wachovia Bank.

This the 10th day of June, 2010.

_____
**DAVID W. DANIEL**
United States Magistrate Judge